**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COUNTY OF SANTA CRUZ; COUNTY OF SONOMA; COUNTY OF SAN DIEGO; COUNTY OF MARIN; COUNTY OF SANTA BARBARA; COUNTY OF SAN LUIS OBISPO; COUNTY OF MONTEREY; THEODORE M. MAZER, M.D.; WOLBERS AND POREE MEDICAL CORPORATION, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SYLVIA M. BURWELL,[**] Secretary, Department of Health and Human Services, <br><br> Defendant - Appellee. | No. 13-16297 <br><br> D.C. No. 3:07-cv-02888-JSW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Sylvia M. Burwell is substituted for her predecessor as Secretary of the Department of Health and Human Services.

Argued and Submitted June 10, 2014
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and BEA, Circuit Judges.

The California counties of Santa Cruz, Sonoma, San Diego, Marin, Santa Barbara, San Luis Obispo, and Monterey, as well as Theodore M. Mazer and Wolbers & Poree Medical Corp., (collectively "Plaintiffs"), brought this action against the Secretary of the Department of Health and Human Services ("the Secretary"). Plaintiffs claim that the Secretary's failure to revise the "fee schedule areas," which determine the fees paid to the Plaintiffs for providing Medicare services, violated Plaintiffs' equal protection rights, and that 42 U.S.C. § 1395w-4(j)(2) (the "Fee Schedule" statute) and the regulation implementing this statute, 42 C.F.R. § 414.4, are unconstitutional as applied to Plaintiffs because the Fee Schedule statute and the related regulation deprived Plaintiffs of equal protection.

The district court granted the Secretary's motion to dismiss for failure to state a claim for relief or, in the alternative, for summary judgment. We AFFIRM. Under our "highly deferential" rational basis review of such government classification under the equal protection component of the Due Process Clause, *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1279–80 (9th Cir. 2004), the Secretary's decision to maintain the status quo in the fee schedule areas structure can be

supported on the basis of minimizing administrative cost and burden. *See Armour v. City of Indianapolis*, 132 S. Ct. 2073, 2083 (2012).

AFFIRMED.